(Reap. Dec. 8914)

HENSEL, BRUCKMANN & LORBACHER, INC. v. UNITED STATES

Entry No. 756197.

(Decided July 17, 1957)

*Lawrence & Tuttle* for the plaintiff.
*George Cochran Doub*, Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: This appeal for reappraisement relates to certain merchandise, described on the invoice as "BINOCULAR GLASSES with Leather Straps," that was exported from Paris, France, and entered at the port of New York.

The case is before me on a stipulation reading as follows:

It is hereby stipulated as follows concerning the merchandise referred to below:

1) The issues in this appeal are the same in all material respects as the issues decided in *Friedberg* v *US*, 36 Cust. Ct. 596, RD 8590, and the record in said case may be incorporated herein.

2) The appraised value of the merchandise involved herein, less the additions made by the importer on entry because of advances by the appraiser in similar cases, is equal to the price, at the time of exportation of such merchandise to the United States, at which such or similar merchandise is freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities in the ordinary course of trade, for home consumption, and the export value of such or similar merchandise is no higher.

3) This case is submitted on the foregoing stipulation.

In the incorporated case, the court held that a so-called French sole or unique tax was not a part of foreign value, as defined in section 402 (c) of the Tariff Act of 1930.

On the stipulated facts and following the cited decision on the law, I hold statutory foreign value to be the proper basis for appraisement of the merchandise in question, and that such statutory value is the appraised value, less the additions made by the importer on entry, because of advances by the appraiser in similar cases. Judgment will be rendered accordingly.